PER CURIAM.
The Town of Kearny appeals from a judgment of the Tax Court, granting the motion of Union Minerals & Alloys Corp. and AT & T Technologies for Freeze Act relief for the tax years 1986 and 1987. The court also dismissed the Town’s Freeze Act avoidance complaint. These actions were taken following an evidentiary hearing. The court held that the Town failed to establish or offer proof of the market value of the property in the base year 1985. This omission was said to preclude any basis for a finding of a subsequent change of value. We agree and affirm essentially for *116 the reasons expressed by Judge Crabtree in his oral opinion rendered on March 26, 1991.
The taxpayers are the former and current owners of the property. Union Minerals acquired the property on July 25, 1985 for $21,479,000. That sale was relied upon by Judge Crabtree to establish market value for the tax year 1984. In an unreported opinion, we affirmed that judgment on August 7, 1986.
For the tax yéar 1985, the Town implemented a district-wide revaluation, in the course of which the assessment on the property was fixed at $38,923,000. After the taxpayers filed a complaint, a settlement was entered reducing the assessment to $24,725,000. It is on the basis of the 1985 Tax Court judgment that the taxpayers moved for application of the Freeze Act for the years 1986 and 1987. The Town opposed this motion and filed a complaint, seeking avoidance of the Freeze Act on the basis of a change in the market value of the property after the base year. The Tax Court issued a reported opinion, finding that a plenary hearing was necessary. 11 N.J. Tax 280 (Tax Ct.1990). Although several different allegations were made concerning enhancement of market value, the only genuine factual issue presented at trial was whether a change in the use of the property from owner-occupied to income producing increased its worth.
We need not recount at length the evidence presented. We note that the court struck the testimony of the Town’s expert concerning economic rent for the year 1986. Utilizing the developmental approach which has been the subject of substantial criticism, see Port of N.Y. Authority v. Howell, 68 N.J.Super. 559, 173 A.2d 310 (App.Div.), certif. denied, 36 N.J. 144, 174 A.2d 927 (1961); Genola Ventures v. Shrewsbury, 2 N.J. Tax 541 (Tax Ct.1981), the witness relied entirely upon lease dates which came into existence after the assessment date. Overshadowing this deficiency was the omission in the witness’s appraisal of any reference to the market value of the property as of October 1, *117 1984, the assessment date for the 1985 base year. As we mentioned earlier, the Town’s failure to produce evidence of market value for 1985 ultimately proved fatal to its position. The Tax Court granted the taxpayers’ motion on this basis.
We are in complete accord with the Tax Court’s determination. Judge Lasser’s opinion in 2nd Roc-Jersey Assocs. v. Morristown, 11 N.J. Tax 45 (Tax Ct.1990) is directly on point. There, a settlement had been entered following the taxpayers’ challenge to an assessment based upon a revaluation of all real property in Morristown. A subsequent motion for Freeze Act relief was challenged by the municipality. The taxing district sought to establish a change in value solely by comparing the 1987 assessment with the appraisal value testimony. In rejecting this argument, Judge Lasser stressed that “[t]he assessment is not necessarily the value of the property.” Id. at 53. The judge went on to say that “[a] determination of whether the assessment accurately represents the value of the property cannot be made without evidence of the assessment’s appraisal basis.” Ibid.
The principle is equally applicable here. The design of the Freeze Act is to remedy “repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.” City of Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 (1951). A judgment “entered pursuant to a settlement agreement is a final judgment within the meaning of the Freeze Act____” South Plainfield v. Kentile Floors, Inc., 92 N.J. 483, 486, 457 A.2d 450 (1983). To avoid the mandate of the Freeze Act, it must be established that the value of the property has changed after the assessment date. Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 173, 87 A.2d 425 (1952). The burden of proof is on the taxing district. See *118 Cumberland, Arms Assocs. v. Burlington Tp., 10 N.J. Tax 255, 268 (Tax Ct.1988). The obvious predicate for a finding of a change in value is the worth of the property in the base year. As 2nd RocJersey Assocs. holds, an assessment based upon a settlement without proof of any underlying valuation data does not prove the value of the property in the base year. 2nd Roc-Jersey Assocs. v. Morristown, 11 N.J. Tax at 53. The assessment and actual value are not always equivalent. Ibid.
The Town contends that it was lulled into complacency by reason of several statements made by Judge Crabtree in his reported opinion. We find no basis for this claim. There is no suggestion in the opinion that the value of the property, as opposed to the assessment, was the subject of agreement.
We also reject the Town’s assertion that Judge Crabtree’s personal knowledge of the market value of the property in the base year as gleaned from his awareness of the proofs submitted in the prior appeal should have been taken into account. We recognize that the tax history of the property was admissible on the hearing of this appeal. In re Kresge-Newark, Inc., 30 N.J.Super. 489, 496, 105 A.2d 12 (App.Div.1954). “Tax history is evidential and is often resorted to in order to help clarify and explain the issues presented in controversies of this nature.” Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 103, 89 A.2d 385 (1952). The bedrock principle remains, however, that “each annual assessment and, a fortiori, each annual valuation, of property for taxation constitutes a separate entity, distinct from valuations and assessments of previous or subsequent years.” Rodwood Gardens, Inc. v. Summit, 188 N.J.Super. 34, 38, 455 A.2d 1136 (App.Div.1982).
The overriding fact is that no evidence of the value of the property on the base year was presented. The taxpayers’ motion was correctly granted. While we need not pass upon the Town’s *119 evidentiary point in light of our disposition, we nevertheless note that its argument clearly lacks merit. R. 2:ll-3(e)(l)(E).
Affirmed.