/s/
# TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 Ext 38303**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT**
**COMMITTEE ON OPINIONS**

February 28, 2018

Bruce J. Stavitsky, Esq.,
Stavitsky & Associates LLC
350 Passaic Ave.
Fairfield, New Jersey 07004

Eileen Fahey, Esq.,
301 North Church Street
Suite 226
Moorestown, New Jersey 08057

> Re:  Commerce LTD Partnership v. Township of Maple Shade
>     Docket No. 003126-2015

Dear Counsel:

This letter constitutes the court's opinion with respect to plaintiff's motion for supplemental relief under N.J.S.A. 54:51A-8 to invalidate the 2016 omitted added assessment and the 2017 added assessment. For the reasons explained more fully below, the motion is GRANTED.

I.      Finding of Facts and Procedural History

The court makes the following findings of fact based on the court's record and the submission by the Plaintiff. On March 17, 2015, Plaintiff filed a complaint in the Tax Court of New Jersey contesting the judgment of the Burlington Country Board of Taxation with respect to the assessment for the 2015 Tax Year on the property located at Block 189.04, Lot 12 in the Township of Maple Shade, commonly known as 490 South Lenola Road, Maple Shade, NJ 08052

*

(the "Subject Property").  On March 30, 2015, the parties entered into a stipulation of settlement whereby the assessment for 2015 was reduced to $2,000,000.  On March 31, 2015 judgment was entered setting the assessed value of the subject property as follows:

| | |
|---|---|
| Land | $1,046,900 |
| Improvements | $ 953,100 |
| | |
| Total | $2,000,000 |

During 2017 the Assessor for the municipality issued an omitted added assessment on the Subject Property for 2016 in the amount of $2,028,400, prorated for 12 months.  (Pl. Exh. C).  Also in 2017 the Assessor for the municipality issued an added assessment on the Subject Property for the 2017 Tax Year in the amount of $2,028,400 prorated for 12 months. (Pl. Exh. D).  Plaintiff filed an Open Public Records Act (OPRA) request demanding "all building permits of greater than $5,000 for [the Subject Property] since July 1, 2015.  The Township of Maple Shade responded to that OPRA request by indicating that there have not been any permits greater than $5,000 since July 1, 2015. (Pl. Exh. F).  Plaintiff did not appeal the omitted added assessment or added assessment.

Instead Plaintiff filed the subject motion for application of N.J.S.A. 54:51A-8, the Freeze Act.  Plaintiff certifies that there has not been any change in value of the Subject Property since the 2015 judgment was entered, and that no revaluation or reassessment has been put into effect for the taxing district of the Subject Property for the years in question.

II. Legal Issues and Analysis

A. Standard of Review

N.J.S.A. 54:51A-8 provides:

Where a judgment not subject to further appeal has been rendered by the Tax Court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the two assessment years succeeding the assessment year

2

covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. The conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation or complete reassessment of all real property within the district has been put into effect. If as of October 1 of the pretax year, the property in question has been the subject of an addition qualifying as an added assessment, a condominium or cooperative conversion, a subdivision or a zoning change, the conclusive and binding effect of such judgment shall terminate with said pretax year.

The statute is commonly referred to as the "Freeze Act". The Statute requires that the base year judgment be binding for the two following years subject to the two limited exceptions enumerated in the statute. Jack Nissim & Sons, Inc. v. Bordentown Tp., 10 N.J. Tax 464, 468 (Tax Ct.1989). Thus, if an assessment is made through final judgment by the Tax Court it must be applied to the two succeeding years absent one of two recognized statutory exceptions: revaluation or change in value. Ibid. First, the Freeze Act will not apply to "changes in the value of the property occurring after the assessment date." Id. Second, the conclusive and binding effect of the judgment "shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation or complete reassessment of all real property within the district has been put into effect." Id.

The term "revaluation" includes "reassessment." Ennis v. Alexandria Tp., 13 N.J. Tax 423, 429 (1993). Additionally, if as of October 1 of the pretax year there has been an "addition qualifying as an added assessment, a condominium or cooperative conversion, a subdivision or a zoning change," the conclusive and binding effect of the judgment terminates with the pretax year. N.J.S.A. 54:51A-8.

The Statute places the burden of proof on the municipality to establish that its assessor acted reasonably in increasing an assessment in a Freeze Act Year. N.J.S.A. 54:51A-8. If the

Court finds that the assessor did not act reasonably in increasing the assessment, the taxpayer is also entitled to reasonable counsel fees, appraisal costs and other costs. Ibid.

> The design of the Freeze Act is to remedy "repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer subjecting him to the trouble and expense of annual appeals to the county tax board."…. To avoid the mandate of the Freeze Act, it must be established that the value of the property has changed after the assessment date. The burden of proof is on the taxing district.
>
> [Union Minerals & Alloys Corp. v. Kearny, 13 N.J. Tax 114, 117 (App. Div. 1992)(citations omitted)].

A change in value will render the Freeze Act inapplicable only if the change in value "is the result of either an internal or an external change occurring after the base-year assessing date which substantially and meaningfully increased the property's value." Cumberland Arms Assocs. v. Burlington Tp., 10 N.J. Tax 255, 272 (1988). A presentation of a property's alleged increase in value that "is the result solely of general inflationary trends," fails to meet the substantial and meaningful test. Ibid. The "mandatory and self-executing" application of the Freeze Act occurs without regard to whether the base year assessment or the freeze year assessment constitutes a "true valuation of the property" within the meaning of N.J.S.A. 54:4-23. Riverview Gardens, Section One, Inc. v. North Arlington Bor., 9 N.J. 167, 173 (1952); Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162 (1964).

An "added assessment for a freeze year, by definition, relates to improvements or additions performed after the October 1 valuation date." New Rock Investment Partners v. City of Elizabeth, 18 N.J. Tax 207, 212 (Tax 1999) (emphasis added). Stated otherwise, "[a]dded assessments . . . are permitted only when improvements are completed during the tax year for which such an

assessment is made." <u>Borough of Freehold v. Nestle USA</u>, 21 <u>N.J. Tax</u> 138, 149 (Tax 2003) (emphasis added).

Thus, to defeat application of the Freeze Act by demonstrating a change in value, the municipality has the burden of showing that: 1) the change in value results from internal or external change; 2) the change occurred after October 1 of the base year; and 3) the change substantially and meaningfully increased the value of the taxpayer's property. <u>U.S. Postal Service v. Town of Kearny</u>, 19 <u>N.J. Tax</u> 282, 289 (Tax 2001) (citing <u>AVR Realty Co. v. Cranford Tp.</u>, 316 <u>N.J. Super.</u> 401, 407 (App.Div.1998), <u>certif. denied</u>, 160 <u>N.J.</u> 476 (1999)).

B. <u>Discussion</u>

The Defendant municipality filed no file opposition to Plaintiff's motion. Thus the court is left with no basis to determine the reasonableness of the assessor's action in increasing the assessment. The burden of proving that either of the statutory exceptions to the mandatory and mechanical application of the Freeze Act apply falls squarely on the Defendant. <u>Union Minerals & Alloys Corp.</u>, supra, 13 <u>N.J. Tax</u> 114 (App. Div. 1992). Here the Defendant has failed to provide any proof indicating that there was any change in value, or that a change was substantial and meaningful and occurred after October 1 of the pre-tax year. In seeking to avoid application of the Freeze Act, the taxing district must "specifically set forth the nature of the changes relied upon as the basis for such appeal." <u>Chevron U.S.A., Inc. v. City of Perth Amboy</u>, 11 <u>N.J. Tax</u> 190, 194 (1990). Thus, Defendant has failed to carry its burden to demonstrate that one of the two exceptions to the Freeze Act applies to the present matter.

Thus the court is unable to conclude that an exception from the Freeze Act applies for either 2016 or 2017 Tax Year. Nor is the fact that Plaintiff did not appeal the added assessments a bar to implementing the Freeze Act's mandates. <u>See</u> <u>Entenmann's Inc. v. Totowa Borough</u>, 19 <u>N.J.</u>

Tax 505 (Tax 2001), aff'd, 21 N.J. Tax 182 (App. Div. 2003)("plaintiff's failure to appeal the added assessment does not warrant an inference that a change in the value of the subject property occurred…"at 518.) Failing to appeal an added assessment does not preclude application of the Freeze Act where the added assessment was improperly imposed. U.S. Postal Service, supra, 19 N.J. Tax 282 (Tax 2001).

Here Defendant has not provided the court with any basis upon which it can conclude that its assessor's actions were reasonable. Thus, the court can only conclude that the assessments in question were improperly imposed and that Plaintiff is entitled to the application of the Freeze Act notwithstanding Plaintiff's failure to appeal the omitted added assessment and added assessment for Tax Year 2016 and 2017 respectively.

III.    Conclusion

For the reasons set forth above, Plaintiff's motion for supplemental relief under N.J.S.A. 54:51A-8 is GRANTED. The omitted added assessment for the 2016 Tax Year and the added assessment for the 2017 Tax Year are invalidated.


Very truly yours,


/s/Kathi F. Fiamingo, J.T.C.