**TAX COURT OF NEW JERSEY**

**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE



125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201)996-802

**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

February 1, 2019

Joseph G. Buro, Esq.
Zipp & Tannenbaum, LLC
280 Raritan Center Parkway
Edison, New Jersey 08837

Stephen P. Sinisi, Esq.
Law Offices of Stephen P. Sinisi, Esq., LLC
Two Sears Drive, 2nd Floor
Post Office Box 1458
Paramus, New Jersey 07653-1458

> Re:     Ninth Avenue Equities Co., Inc. v. East Rutherford Borough
>            Docket No. 000865-2012

Dear Counsel:

This letter constitutes the court's findings of fact and conclusions of law regarding 99 Murray Hill SRG LLC's motion for relief under N.J.S.A. 54:51A-8 (hereinafter the "Freeze Act") for tax years 2013 and 2014 based upon a judgment entered for tax year 2012. For the reasons stated more fully below, 99 Murray Hill SRG LLC's motion is granted.

**FINDINGS OF FACT AND PROCEDURAL HISTORY**

The court makes the following findings of fact based on the parties' written submissions as well as oral arguments heard on September 5, 2018 and January 7, 2019.  R. 1.7-4.  The facts of this case are not in dispute.

Ninth Avenue Equities Co., Inc.[1] was the former owner of real property in the Borough of East Rutherford.  The property is designated by the municipality as Block 105.01, Lot 10, Unit C000B and Block 105.01, Lot 10, Unit C000E.  The property is commonly known as 99 Murray Hill Parkway Unit B and Murray Hill Parkway Unit E respectively (hereafter referred to as the "subject properties").

Ninth Avenue Equities Co., Inc. filed tax appeals challenging the 2011 and 2012 real property tax assessments of the subject properties.[2]  On October 11, 2012, 99 Murray Hill SRG LLC (hereafter referred to as "99 Murray Hill") purchased the subject properties from Ninth Avenue Equities Co., Inc.  99 Murray Hill filed a tax appeal challenging the 2013 real property tax assessment of the subject properties.  On April 10, 2014, 99 Murray Hill sold the subject properties to a third-party buyer.  David Friedman, a Senior Partner with Sitex Group, the principal owner of 99 Murray Hill, certifies that 99 Murray Hill paid all real property taxes levied by the Borough of East Rutherford against the subject properties for tax year 2013.  99 Murray Hill also paid the first quarter real property taxes levied by the Borough against the subject properties for tax year 2014.  The real property taxes for tax year 2014 were prorated between seller and buyer as of the date of closing.  99 Murray Hill did not convey any right to a

---

[1] Initially, 99 Murray Hill's counsel mistakenly filed their motion with their client's name as plaintiff in the caption. This filing was later amended and corrected to list Ninth Avenue Equities Co., Inc. – the prior owner in receipt of the base year judgment – as plaintiff in the caption.

[2] Ninth Avenue Equities Co., Inc. was represented by different counsel than 99 Murray Hill in its appeals.

refund of real property taxes for either tax years 2013 or 2014 as a part of its sale of the subject properties.

In October of 2014, Ninth Avenue Equities Co., Inc. and the Borough of East Rutherford signed a stipulation of settlement[3] regarding the 2011 and 2012 tax years, reducing the Borough's real property tax assessment on Block 105.01, Lot 10, Unit C000B to $300,000 for the land, $988,800 for the improvements, for a total assessment of $1,288,800 for each tax year and for Block 105.01, Lot 10, Unit C000E to $300,000 for the land, $6,491,100 for the improvements, for a total assessment of $6,791,100. On January 16, 2015, the Tax Court entered judgments reflecting the reductions set forth in the stipulation.

On September 2, 2016, counsel for both 99 Murray Hill and defendant appeared for a telephone case management conference with the Tax Court regarding 99 Murray Hill's 2013 tax appeal. 99 Murray Hill's counsel certifies that he first became aware of the Tax Court's January 16, 2015 judgment for the tax year 2012 while participating in this conference call. On the same day, September 2, 2016, 99 Murray Hill's counsel made an Open Public Records Act ("OPRA") request with the Tax Court Management Office to obtain a copy of the relevant judgment.

Having received a copy of said judgment, 99 Murray Hill's counsel[4] made a settlement proposal to defendant's counsel via email. On January 24, 2018, defendant's counsel responded by requesting a stipulation of settlement to present to the Borough of East Rutherford's governing body. On February 6, 2018, 99 Murray Hill sent correspondence to defendant enclosing a Stipulation of Settlement for tax year 2013 and applying the Freeze Act for tax year

---

[3] The October 2014 stipulation of settlement regarding tax years 2011 and 2012 was silent act to the applicability of the Freeze Act.

[4] Counsel for 99 Murray Hill's 2013 and 2014 tax appeals now being different and distinct from that of Ninth Avenue Equities Co., Inc.'s for tax years 2011 and 2012.

3

2014 pursuant to N.J.S.A. 54:51A-8. Defendant rejected this proposal. Subsequently, the Borough also rejected an April 4, 2018 freeze application for tax years 2013 and 2014.

On July 17, 2018, 99 Murray Hill filed a motion for relief under the Freeze Act requesting that judgments be entered for tax years 2013 and 2014 based upon the January 16, 2015 judgment for base year 2012.[5] The Borough first opposed 99 Murray Hill's motion on August 2, 2018, arguing that: (1) 99 Murray Hill's motion is precluded because the judgment was obtained by 99 Murray Hill's predecessor in title; and (2) 99 Murray Hill's motion is barred by the doctrine of laches. The Borough posits that it was only after "testing the waters" in connection with extended negotiations to reduce the Borough's assessments on the subject properties in subsequent years that 99 Murray Hill had an "epiphany" and decided to request Freeze Act protection afforded by the 2012 judgment for tax years 2013 and 2014. East Rutherford submits that the three (3) year length of time elapsing between the date of entry of the base year judgment and the filing of the motion in conjunction with "plaintiff's conduct" warrants the denial of 99 Murray Hill's motion.

99 Murray Hill submitted a letter reply brief on August 27, 2018 rejecting both of defendant's arguments. First, 99 Murray Hill asserts defendant's contention that the motion is precluded because the judgment was obtained by 99 Murray Hill's predecessor in title simply "has no merit." Freeze Act protection is self-executing and vests as an "incident of ownership." Second, 99 Murray Hill rejects the Borough's laches defense on the grounds that: (1) the judgment forming the basis of the motion was entered after the freeze years had expired; (2) as

---

[5] 99 Murray Hill's filing asserts that: (1) the statutory requirements which prevent the issuance of a Freeze Act Application, namely a change in value to the subject property or a revaluation or reassessment put into effect for the Defendant Taxing District for the Freeze Years of 2013 and 2014 have not been met; (2) no Freeze Act deflecting complaint was filed by the Borough; and (3) the provision of the Freeze Act that it does not apply to a judgment granting an exemption or granting a farmland qualification for farmland assessment does not apply to this subject property.

4

such, 99 Murray Hill had no prior knowledge of the judgment and acted as soon as they became aware of the right to relief; (3) the delays the Borough is supposedly aggrieved over were "self-inflicted by negligence or intention"; and (4) the Borough has shown no prejudice by the motion being granted.

Defendant shortly thereafter responded to 99 Murray Hill's filing and continued to expound the Borough's position. First, defendant argues that a movant seeking Freeze Act protection "may not simply wait indefinitely" where movant knew about the judgment years before the motion is made and the same taxpayer has also filed tax appeals in successive years after the passage of the original Freeze Act period lapsed. Second, defendant suggests that that Freeze Act does not apply because a change in assessed values of the properties occurred in 2018 before 99 Murray Hill sought Freeze Act protection. Finally, Defendant submits that "if a final judgment is rendered after an assessing date and an assessor lists the properties at a higher assessed value, some action must be taken by the taxpayer to affect the change in the assessment."

The Court heard oral argument on September 2, 2018 and afterwards directed the Borough to further address its defenses in a supplemental brief, which it did on November 5, 2018. The Borough again argues that 99 Murray Hill has no right to seek freeze protection because that right is an "incident of ownership" and since 99 Murray Hill conveyed the property prior to judgment, its right never "vested." Moreover, for the first time since the commencement of this action, the defendant now argues that "while it appears that Movant's application 'facially' comports the statutory language utilized in the Freeze Act", this Court should "exercise its judicial authority to examine the history and policy of the Freeze Act", rather than its "strict letter", in order to conclude that the Freeze Act does not apply to the present case The Borough

5

goes on to reiterate its defense of laches, now offering – also for the first time – the Borough's prior adoption of a refunding bond ordinance as a potential factor evidencing prejudice to the Borough resulting from 99 Murray Hill's delay in applying Freeze Act protection.[6]

99 Murray Hill submitted a letter brief in response to the Borough's supplemental brief on December 5, 2018. First, 99 Murray Hill argues that ownership is irrelevant to the application of the freeze act; instead, only the party's status as a taxpayer is relevant. Second, with regards to laches, while 99 Murray Hill agrees that the Tax Court has equitable authority, it contends that the Freeze Act statute: (1) is mandatory and conclusive upon the assessor and the municipality; and (2) because the statute is mandatory, it compels the municipality to act. Finally, on January 7, 2019, the court heard oral argument on this motion.

## CONCLUSIONS OF LAW

### A. 99 Murray Hill has standing to request Freeze Act application

The Freeze Act, subject to certain exceptions, "operates to continue the effect of a Tax Court judgment for a given year for up to two succeeding years." Zisapel v. Borough of Paramus, 20 N.J. Tax 209, 211 (Tax 2002). The Freeze Act specifically provides, in relevant part:

> Where a judgment not subject to further appeal has been rendered by the Tax Court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the two assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. The conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for a complete

---

[6] Relying on the October 29, 2018 Certification of the Borough's Chief Financial Officer, defense counsel argues "any timely refund due Movant could have been included with other tax refunds to owners/taxpayers whose judgments were part of 'omnibus' bond issue adopted on or about December 18, 2017, to refund tax overpayments and thereby consolidate or reduce redundant costs incurred by the Borough."

6

revaluation or complete reassessment of all real property within the district has been put into effect.

[N.J.S.A. 54:51A-8.]

The wording of the Freeze Act shows that its application is mandatory and self-executing. Clearview Gardens v. Township of Parsippany-Troy Hills, 196 N.J. Super. 323, 328-29 (App. Div. 1984). Moreover, the Freeze Act does not contain any limitations period to file a motion to enforce its provisions. See N.J.S.A. 54:51A-8; R. 8:7(d).

In Zisapel, a successor owner filed an appeal for the freeze year and the taxing district sought dismissal of the same because the predecessor owner had agreed that the Freeze Act would apply. Id. at 211-12. The Tax Court held that the "authority" to invoke Freeze Act application was "an incident of ownership or other status as a taxpayer . . . not of" which party had "control of base year litigation." Id. at 214. Such status "is easily demonstrated by deed, lease, or other means." Id. at 216. Consequently, standing to make a Freeze Act application is "dependent on the status of the applicant, i.e., one who has the interest in the property when the application is made." Ritchie & Page Distribution Co., Inc. v. City of Trenton, 29 N.J. Tax 538, 542 (Tax 2016).

99 Murray Hill is correct in saying the Borough's argument that the motion is precluded because the 2015 judgment was obtained by 99 Murray Hill's successor in title "has no merit." The holdings in Zisapel and Ritchie & Page Distribution Co. Inc. express that a taxpayer, having paid real property taxes, has standing to appeal an assessment in a particular tax year and to seek freeze protection, resulting from a base year judgment, for the same tax year.

99 Murray Hill was the owner of the subject properties from October 11, 2012, when it purchased the subject properties until April 10, 2014, when it sold the subject properties. 99 Murray Hill paid all real property taxes levied by the Borough of East Rutherford against the

7

subject properties for tax year 2013 as well as the first quarter real property taxes levied by the Borough against the subject properties for tax year 2014. The real property taxes for tax year 2014 were prorated between seller and buyer as of the date of closing. 99 Murray Hill did not convey any right to a refund of real property taxes for either tax years 2013 or 2014 as a part of its sale of the subject properties. Accordingly, the Court finds that 99 Murray Hill has standing to request Freeze Act application for tax years 2013 and 2014 pursuant to N.J.S.A. 54:51A-8 and consistent with Zisapel and Ritchie & Page Distribution Co. Inc.

**B. The doctrine of laches does not apply to 99 Murray Hill's application for Freeze Act relief**

"Within the Freeze Act there is no specified time limitation, after entry of base-year judgment, to seek affirmative relief; nor is there any such time limitation in any other legislation or court rule." Jack Nissim & Sons, Inc. v. Township of Bordentown, 10 N.J. Tax 464, 468 (Tax 1989). Since there is no applicable statute of limitations, the Court must consider the application of the doctrine of laches. The doctrine of laches is an equitable remedy that is "invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." Hackensack City v. Bergen Cty., 30 N.J. Tax 240, 254 (Tax 2017) (quoting J&J Snack Foods Sales Corp. v. Director, Div. of Tax, 27 N.J. Tax 532, 555 (Tax 2013)). A party asserting laches must show that "the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned." Id.

Further, when determining whether to exercise its equitable power with respect to laches, the Court should consider the length and reason for the delay, as well as any changes in conditions of either or both parties during the delay as the most important factors. Lavin v. Board of Education, 90 N.J. 145, 152-153 (1982). In Hackensack City, this Court rejected the

8

laches defense asserted in response to a Freeze Act application filed twenty-two (22) years after the base year complaint was filed, and seven years after judgment became final. Id. at 254.

In the present case, 99 Murray Hill's Freeze Act application has been delayed merely three (3) years from the 2015 judgment – a timeframe paling in comparison to that of the twenty-two (22) year "excessive" delay in Hackensack City. Id. at 254. The Court finds the Borough's contention that it would suffer prejudice because of the three (3) year delay to be unconvincing.

First, the Borough did not initially define and/or specify what type of prejudice it would suffer. It was not until the Borough's final November 5, 2018 brief and January 7, 2019 oral argument that the Borough attempted to do so. The named prejudice – that any refund due movant could have been included with other tax refunds to owners/taxpayers whose judgments were part of a refunding bond ordinance – is more appropriately characterized as an inconvenience to the Borough as opposed to a change in condition rising to the level of a prejudice warranting the application of laches.

Second, 99 Murray Hill did not engage in behavior that amounted to an "inexcusable and unexplained delay" in exercising the right to Freeze Act application. 99 Murray Hill's counsel first learned of the Tax Court's 2015 judgment while participating in a September, 2, 2016 Tax Court case management conference call with defendant's counsel. On the same day, 99 Murray Hill's counsel made an OPRA request with the Tax Court Management Office to obtain a copy of this judgment. Having received same, 99 Murray Hill emailed a settlement proposal to the Borough. The Borough did not respond to this proposal until 2018. The negotiation process eventually fell apart, and so 99 Murray Hill decided to exercise its right to a freeze. This course of action undertaken by 99 Murray Hill in the current matter was entirely reasonable. Therefore,

9

this Court finds that 99 Murray Hill's Freeze Act application is not barred by the doctrine of laches.

## CONCLUSION

For the reasons stated above, 99 Murray Hill's application for Freeze Act relief pursuant to <u>N.J.S.A.</u> 54:51A-8 is GRANTED.

Very truly yours,


Hon. Joseph M. Andresini, P.J.T.C.