PER CURIAM.
This appeal from an interlocutory determination in the Tax Court is before us upon a grant by the Supreme Court of leave to appeal.
 We affirm substantially for the reasons articulated by Judge Hopkins in his opinion of March 15, 1983, 8 N.J.Tax 1 (Tax.Ct.1983). It is clear from that that he did not feel bound by the opinion of the assessor either to approve or disapprove. Nor do we think the assessor’s consent is necessary to the approval of such a settlement. But Judge Hopkins concluded that, in the circumstances as they appeared when the proposed settlement was offered to him for approval, the agreement “to a settlement without full knowledge of all the facts” and the entry of the municipality into the proposal “at a time when it did not have adequate knowledge of the fair market value of the subject property” at a critical time precluded his approval.
We believe this determination not to be a mistaken exercise of discretion nor a perversion of his authority under R. 8:9-5 which, we note, is permissive rather than mandatory in its language.
Affirmed.