The opinion of the court was delivered by
BRAITHWAITE, J.A.D.
Plaintiff JC Trapper, L.L.C., filed suit to recover of Jersey City (the “City”) on property owned by the City. The taxes paid covered the period from 1988 through part of 1999. Plaintiffs claim was made pursuant to N.J.S.A. 54:4-54, which provides in relevant part as follows:
Where one person has by mistake paid the tax on the property of another supposing it to be his own, the governing body after a hearing, on five days’ notice to the owner, may return the money paid in error without interest and restore the record of the assessment and tax against the property in the name of the true owner, provided the lien of the tax has not expired and no transfer or encumbrance has been put on record against the property since the date of the payment in error,
[emphasis added.]
Plaintiffs claim was originally part of a suit commenced in the Law Division that sought a declaration that the subject property was owned by the City. Following the resolution of the ownership *240 issue, that part of the suit seeking the tax refund was transferred to the Tax Court for resolution.
In the Tax Court, the parties cross-moved for summary judgment. After citing various documents “and other aspects of the parties’ submissions,” the judge found that a plenary hearing was required to determine, factually, whether plaintiff and its predecessor in title paid the taxes by mistake pursuant to N.J.S.A. 54:4-54.
After the plenary hearing, the Tax Court judge found that none of the taxes and interest paid by plaintiff and its predecessor in title were made by mistake pursuant to N.J.S.A 54:4-54. JC Trapper, L.L.C. v. City of Jersey City, 19 N.J.Tax 421, 432 (2001). That finding is supported by sufficient credible evidence in the record. In re Taylor, 158 N.J. 644, 658, 731 A.2d 35 (1999); Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965).
Plaintiff now contends that:

POINT I

JUDGE KUSKIN INCORRECTLY RULED THAT THE TAX PAYMENTS MADE BY PLAINTIFF WERE NOT MADE BY MISTAKE AS CONTEMPLATED BY N.J.S.A. 54:4-54.
A. N.J.S.A. 54:4-54 Permits Recovery of Taxes Mistakenly Paid.
B. The Decision Rendered by Judge Kuskin Is Clearly Unjust.
C. Denying the Plaintiff Relief Creates a Windfall to the Defendant.

POINT II

TAX PAYMENTS MADE TO A MUNICIPALITY ON PROPERTY WRONGLY ASSESSED CONSTITUTE A MISTAKE UNDER N.J.S.A. 54:4-54 AND SHOULD BE RETURNED TO THE TAXPAYER.

POINT III 
[1]

*241 JUDGE KUSKIN’S FAILURE TO CONSIDER EACH TAX PAYMENT SEPARATELY WAS ERRONEOUS.
We reject plaintiffs contentions and affirm for the reasons expressed by Judge Kuskin in his opinion published at 19 N.J.Tax 421 (2001).
Affirmed.

 Plaintiff also raised Point IV in his brief. It argued:

POINT IV

IN THE ALTERNATIVE, IF IT IS DETERMINED THAT PLAINTIFF IS NOT ENTITLED TO A TAX REFUND, THEN THE PRINCIPLE OF FAIRNESS DICTATES THAT PLAINTIFF IS ENTITLED TO OWNERSHIP OF THE ESSEX STREET PROPERTY AND THAT JUDGE D'lTALIA'S ORDER DATED FEBRUARY 4, 2000 WAS ERRONEOUS.
By order dated November 28, 2001, we limited plaintiff's appeal to the judgment entered by the Tax Court.