SMALL, P.J.T.C.
Plaintiff, Atlantic City, filed suit challenging the decisions of the Atlantic County Board of Taxation, which had reduced the 2003 tax assessments on six parcels of commercial property owned by defendant. The original assessment and the Atlantic County Board of Taxation judgments for the properties were as follows:
102 S. California Ave., Block 32, Lot 4
Original Assessment Judgment from County Board
Land: $ 951,700 Land: $ 546,800
Improvements: $ 1,500 Improvements: $ 1,500
Total: $ 953,200 Total: $ 548,300
116 S. California Ave., Block 32, Lot 5
Original Assessment Judgment from County Board
Land: $ 301,400 Land: $ 144,700
Improvements: $ 500 Improvements: $ 500
*514 Total: 301,900 Total: 145,200
118 S. California Ave., Block 32, Lot 6
Original Assessment Judgment from County Board
Land: $ 333,100 Land: $ 160,000
Improvements: $ 500 Improvements: $ 500
Total: 333,600 Total: 160,500
2701 Boardwalk Ave., Block 32, Lot 8
Original Assessment Judgment from County Board
Land: $4,331,600 Land: $2,066,000
Improvements: $ 57,000 Improvements: $ 55,000
Total: 4,338,600 Total: $2,071,000
111 S. Belmont Ave., Block 32, Lot 9
Original Assessment Judgment from County Board
Land: $ 275,200 Land: $ 132,100
Improvements: $ 400 Improvements: $ 400
Total: $ 275,600 Total: 132,500
109 S. Belmont Ave., Block 32, Lot 10
Original Assessment Judgment from County Board
Land: $ 275,200 Land: $ 132,100
Improvements: $ 400 Improvements: $ 400
Total: $ 275,600 Total: $ 132,500
Totals $6,478,500 $3,100,000
The 2003 Chapter 123 ratio for Atlantic City was 85.15%. N.J.S.A. 54:1-35b.
The basis for the County Board’s reduction in assessments would appear to be the sale price of the subject parcels for a total of $3,600,000 on or about December 24, 2002 and the Atlantic City school aid ratio of 85.15 for tax year 2003 ($3,600,000 x .8515 = $3,065,400).[1] The question presented for determination on the *515 defendant’s motion for summary judgment is whether plaintiff, Atlantic City, is judicially estopped from contesting the assessment of the properties for the 2003 tax year, because, in a separate proceeding, Atlantic City had asserted that the sale of the subject parcels on December 24, 2002 was a market sale, and in this case in order to be successful, it must assert that the sale of those parcels was a below market sale.
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
[Brill v. Guardian Life Insurance Co., 142 N.J. 520, 523, 666 A.2d 146 (1995) 1.
In this case, both parties agree on the material facts.
I.
The subject properties are six contiguous commercial properties constituting a single economic unit used as a parking lot. On December 24, 2002, defendant purchased the properties from Pinpoint Systems, Inc. for $3,600,000.
a.
On November 14, 2003, Atlantic City filed a complaint in the Tax Court pursuant to N.J.S.A. 54:1-35.4 challenging the Director of the Division of Taxation’s school aid ratio for 2003. N.J.S.A. 54:1-35.4. See Fort Lee Borough v. Director. Division of Taxation, 12 N.J.Tax 299, 301-06 (Tax 1992), aff'd, 13 N.J.Tax 323 (App.Div. 1993), certif. den. 134 N.J. 563, 636 A.2d 521 (1993), explaining the calculation of the Director’s school aid ratio and challenges to the initially promulgated ratio. Atlantic City sought relief in that case on the ground that certain sales were improperly excluded from the calculation of the School Aid Ratio for 2003, which was promulgated on October 1, 2003. Amended complaint, Atlantic City v. Director, Division of Taxation, Docket No. 006455-2003 (November 18, 2003). One of the sales that the plaintiff contended was improperly excluded as a market sale was the sale of the subject property from Pinpoint Systems to the defendant. On *516 February 20, 2004, that case was settled by the filing of a stipulation of settlement. A judgment based on that stipulation was entered on March 1, 2004. The terms of that stipulation formed the basis of a judgment accepted by this court. That judgment was based in part on the parties having explicitly agreed that the sale price of the subject property on December 24, 2002 was a market sale.
b.
The taxpayer filed a timely appeal with the Atlantic County Board of Taxation contesting the assessment on all of the subject properties for the 2003 tax year. On June 20, 2003, the County Board made the adjustments as noted above. On August 27, 2003, Atlantic City filed this complaint, contesting the judgments of the county board. On June 11, 2004, defendant filed this motion for summary judgment. In its motion for summary judgment, taxpayer contends that since Atlantic City alleged in its complaint against the Director in the school aid ratio case that the sale of the subject property was “a usable transaction and the sale price represents the fair market value,” and since the fact that the sale was a market sale formed the basis of this court’s acceptance of the parties’ settlement of the prior case, Atlantic City is now judicially estopped from asserting in this case that the December 24, 2002 transaction was not a market sale.
II.
I conclude that Atlantic City is estopped from contesting the assessments determined by the Atlantic County Board of Taxation in this case, because to do so, it must argue that the sale price of the subject on December 24, 2002 was not a market sale price and in the prior challenge to the school aid ratio, it successfully argued that the sale was at a market price. “The doctrine [of judicial estoppel] prevents litigants from ‘playing fast and loose’ with, or otherwise manipulating the judicial process.” State v. Jenkins, 178 N.J. 347, 359, 840 A.2d 242 (2004) (citations omitted). “[Judicial estoppel] ‘bars a party to a legal proceeding from arguing a position inconsistent with one previously assert *517 ed.’ ” Id. at 358, 840 A.2d 242, quoting State Dep’t of Law and Public Safety v. Gonzalez, 142 N.J. 618, 632, 667 A.2d 684 (1995). “Judicial estoppel, however, is an ‘extraordinary remedy that courts invoke only when a party’s inconsistent behavior will otherwise result in a miscarriage of justice.’ ” State v. Jenkins, supra 178 N.J. at 359, 840 A.2d 242, quoting Kimball Int’l, Inc. v. Northfield Metal Products, 334 N.J.Super. 596, 608, 760 A.2d 794 (App.Div.2000) (internal quotation marks omitted).
A threat to the integrity of the judicial system sufficient to invoke the judicial estoppel doctrine only arises when a party advocates a position contrary to a position it successfully asserted in the same or a prior proceeding____”[T]o be estopped [a party must] have convinced the court to accept its position in the earlier litigation. A party is not bound to a position it unsuccessfully maintained
Because the doctrine of judicial estoppel only applies when a court has accepted a party’s position, a party ordinarily is not barred from taking an inconsistent position in successive litigation if the first action was concluded by a settlement. [Kimball Int’l, Inc. v. Northfield Metal Products, 334 N.J.Super. 596, 606-07, 760 A.2d 794, (App.Div.[2000]), certif. den. 167 N.J. 88, 769 A.2d 1051 (2000[2001]) (citations and punctuation omitted) ].
In Kimball International, Inc. v. Northfield Metal Products, supra, the Appellate Division reversed a trial court, which had estopped a party from taking a position inconsistent with one it had taken in prior litigation because the prior case had been settled. This case is factually distinguishable from the situation presented in Kimball International, Inc., supra. In Kimball, a chair made by Kimball that an employee was sitting on collapsed, causing injury. The employee sued Kimball under a theory of product liability. In the suit, Kimball took the position that the chair was not defective, and that none of its component parts were defective. The parties had attempted to bring in Northfield, a maker of compartment parts. The court did not allow them to bring in Northfield for technical (timing) reasons. Kimball and the employee settled the personal injury action for a fixed sum of money. Kimball then sued Northfield, the maker of the allegedly defective component part of the chair. Northfield filed a motion for summary judgment, arguing that Kimball was judicially es-topped from presenting evidence that the part was defective, because Kimball had taken the position in the employee action that the component part was not defective. The trial court held *518 that Kimball was judicially estopped from presenting evidence that the component part was defective. Kimball appealed from that ruling. The Appellate Division reversed, holding that Kimball was not judicially estopped from presenting evidence of defect. Id. at 604, 760 A.2d 794. The court based its holding on the grounds that the doctrine of judicial estoppel only applies when a court has accepted a party’s position, and that a party normally is not barred from taking an inconsistent position in successive litigation if the first action was concluded by a settlement. Id. at 607, 760 A.2d 794. The court went on to note that a “settlement neither requires nor implies any judicial endorsement of either party’s claims or theories, and thus a settlement does not provide the prior success necessary for judicial estoppel.” Id. at 608, 760 A.2d 794 (quoting Konstantinidis v. Chen, 626 F.2d 938, 939 (D.C.Cir.1980)).
In this case, the facts forming the basis of the earlier settlement were explicitly included in the stipulation of settlement filed with the court, and those facts formed a part of the judgment approved and entered by this court. Thus, the settlement required specific acceptance, if not a finding of fact, by the court.[2] In Kimball, the facts forming the basis of the settlement were not explicitly incorporated in the judgment of the court. In Kimball, the defendant could have pleaded in the alternative had Northfield been joined in the first action. In this case, a party can assert that a sale is either a market sale or not a market sale. There is no pleading in the alternative. The plaintiff will be estopped from asserting the inconsistent and illogical position that a sale is both a market sale and not a market sale.
*519 Settlements in the Tax Court are distinguishable from settlements in other courts. R. 4:42-1 governs settlements in Superior Court. R. 4:42-l(b) states:
Except as otherwise provided by paragraphs (c) and (d) of this rule, by other rule or by law, and except for ex parte matters, no judgment or order shall be signed by the court unless the form thereof has been settled on motion on notice to all parties affected thereby who are not in default for failure to appear, or unless the written approval of such attorneys or parties to the form thereof is endorsed thereon.
“No supporting documentation is required unless the court for good cause otherwise requires.” Pressler, Current N.J. Court Rules, comment 4 on R. 4:42-1 (d) (2004).
Practice in the Tax Court, however, is different. Rule 8:9-5 governs settlements in the Tax Court and states: “Judgment in a local property tax matter may be entered upon stipulation of the parties supported by such proof as the court may require.” This rule allows for judgment upon stipulation in tax matters, subject to the scrutiny of the court, which may require proof to support the judgment. As Judge Pressler elaborates:
The current Tax Court practice, approved by the Court’s Presiding Judge permits entry of a stipulation of settlement ... provided ... that the attorneys represent to the court that they have made examination of the value and proper assessment of the properties, have obtained such analysis, information and appraisals with respect thereto as they deem necessary and that the attorney for the taxing district has consulted with the assessor who has concurred in the settlement.
Pressler, Current N.J. Court Rules, comment 4 on R. 8:9-5 (2004).
The Tax Court may refuse to enter a judgment based on the consent of the parties, ie., a settlement, if the court is not satisfied with the proof offered in support of that judgment. Rosenberg v. South Orange Tp., 8 N.J.Tax 1, 6 (Tax 1983), aff'd o.b. 8 N.J.Tax 7 (App.Div.1983).
Settlements entered in the Tax Court are treated as final judgments on the merits. South Plainfield v. Kentile Floors, Inc., 92 N.J. 483, 487-89, 457 A.2d 450 (1983); see also, Rainhold Holding Co. v. Freehold Tp., 15 N.J.Tax 420, 425 (Tax 1996); Union City Assoc. v. Union City, 10 N.J.Tax 581, 587 (Tax 1989) (all holding that judgments based on settlements in tax cases are judgments on the merits for purposes of the Freeze Act, N.J.S.A. *520 54:51A-8). The values arrived at in settlements are just as reliable as those resulting from a hearing on the merits, because Tax Court rules require that the parties sign a document acknowledging that the settlement figure was a fair assessment of the property. South Plainfield v. Kentile Floors, supra, 92 N.J. at 489, 457 A.2d 450. Thus, settlements in the Tax Court are subject to the doctrine of judicial estoppel. JC Trapper v. Jersey City, 19 N.J.Tax 421, 436 (Tax 2001), aff'd, 20 N.J.Tax 239 (App.Div.2002).
A recent First Circuit Court opinion carefully reviews the doctrine of judicial estoppel. Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32-36 (1st Cir.2004). It sets out the two conditions that must be met: (a) the estopped position and the estopping position must be directly inconsistent (in this case that a given sale is and is not a market sale) and (b) the party which is to be estopped from asserting an inconsistent position “must have succeeded in persuading a court to accept its prior position” (in this case the “settlement” of the prior case was accepted by this court after the parties to that ease, including plaintiff in this case, represented to this Court that the sale in question was a market sale). The First Circuit does not speak of a “settlement” as barring judicial estoppel, it speaks of having successfully persuaded a court as a prerequisite to the application of judicial estoppel. The Court then goes on to detail the reasons why a party may not take inconsistent positions, finding:
Synthesizing these various points, we recently concluded that, in a prototypical case, judicial estoppel applies when “a party has adopted one position, secured a favorable decision, and then taken a contradictory position in search of legal advantage.”
[Alternative System at 33 (citation omitted) ].
Plaintiff in this ease took two contrary positions regarding the value of the subject properties as of October 1, 2002. In the school aid ratio case, Atlantic City v. Director, Division of Taxation, Docket No. 006455-2003, the City argued that the sale of the subject properties to defendant on December 24, 2002 for $3.6 million was a fair market value sale which should have been included in the Director’s computation of the school aid ratio. That determination resulted in an increase of Atlantic City’s school aid ratio from 83.19% to 86.90%. Substantial financial *521 advantage to Atlantic City resulted from that determination because of the many aid formulas that are based on the school aid formula and the fact that a higher ratio makes it easier for a municipality to defend individual property tax appeals. See Kearny Town v. Director, Division of Taxation, 11 N.J.Tax 232, 238-39 (Tax 1990) and N.J.S.A. 54:51A-6. After having favorably settled that ease on that representation of facts and having had that representation accepted by this court, Atlantic City now argues that the sale of the property was NOT a fair market value sale, and that the actual fair market value of the properties on October 1, 2002 was $13.4 million. If that isn’t “playing fast and loose” with the judicial process, this court is hard-pressed to find an example of behavior which would form the basis for invoking judicial estoppel. Plaintiff settled its case with the Director on February 20, 2004. The stipulation of settlement presented to this court by plaintiff and the Director stated that the sale of the subject properties to defendant on December 24, 2002 for $3.6 million was a usable, fair market sale. That stipulation of settlement was accepted by this court, which relied on the representation of both parties to that action the sale was a valid, fair market value sale. Plaintiff is therefore judicially estopped from arguing otherwise in this case.[3]
III.
In conclusion, I find that plaintiff is judicially estopped from arguing that the value of the subject properties as of October 1, 2002 is greater than $3.6 million.
*522 The Atlantic County Board of Taxation valued the subject properties at something more than $3.6 million by assessing them at $3.1 million. Plaintiff has the right to appeal the determination of the county board up to a total fair market value of $3.6 million. It may not assert a value which exceeds that value. The county board’s total judgment of $3,100,000 exceeds the product of $3,600,000 times the Director’s Chapter 123 ratio of 85.15 or $3,065,400. N.J.S.A. 54:51A-6. There is no purpose for plaintiff to pursue this case — it is precluded from seeking an increase in the county board judgments and accordingly, defendant’s motion for summary judgment is granted.

 Although I find that this may have been the method by which the county board determined the assessment of the subject property, I do not mean to suggest that it is the proper method to assess property. The proper method of assessing property is not before me.

 I note that the actual judgment entered by this court on March 1, 2004 reflects a disposition by way of trial. That is incorrect; the Clerk will correct that judgment to reflect the fact that this case was settled by stipulation of settlement between Atlantic City and the Director of the Division of Taxation on February 27, 2004. The stipulation specifically states that the sale of the subject property in this case was to be included as a market sale in the calculation of the school aid ratio. This court then ordered that the tables on which the new ratio would be calculated (including the market sale of the subject) be distributed as appropriate.

 Although the value of the subject property for tax assessment purposes may be proven by evidence, which includes or excludes the sale price of the subject property, only sales are considered for purposes of calculating the school aid ratio. In this case, Atlantic City previously asserted that the sale of the subject was a market sale. It could have argued that value of the subject should be determined by evidence other than that sale. Because of Atlantic City’s advocacy in the school aid case, representing to this court that the sale of the subject was the market value was accepted by this court, Atlantic City is now judicially estopped from asserting that it was other than a market value sale.