The opinion of the court was delivered by
RODRÍGUEZ, A.A., P.J.A.D.
This is an appeal from a decision by the Tax Court. California Avenue Ventures, LLC (taxpayer) owns six contiguous boardwalk parking lots in Atlantic City (the property). These lots were purchased as a single unit on December 24, 2002 from Pinpoint Systems, Inc. (Pinpoint) for $3.6 million. The taxpayer petitioned the Atlantic County Board of Taxation (County Board) challenging the 2003 property tax assessment by the City of Atlantic City (City), which valued the property at $6,478,500. The City cross-petitioned to increase the assessment to $12,957,000. The County Board conducted a hearing to determine the true value of the property and issued a memorandum of judgment reducing the subject property’s 2003 tax assessment to $3.1 million. The City filed suit in the Tax Court to challenge the Board’s decision. The City alleged that it was aggrieved “by the assessment which is less than the true or assessable value of the property.”
In an unrelated case, the City filed a complaint in the Tax Court challenging the decision by the Director of the Division of Taxa *65 tion (Director) setting the State Equalization Table-School Aid Ratio for 2003. The City sought relief in that case on the ground that certain market sales were improperly excluded from the calculation of the ratio. Atl. City v. Director, Div. of Taxation, Docket No. 006455-2003 (Tax Court November 18, 2003). One of the sales that the City contended was improperly excluded as a market sale was the sale of the subject property from Pinpoint to the taxpayer. Specifically, the City made the following allegation in the previous case:
3. The facts upon which this complaint is based are the following: Various sales have been improperly excluded from the Director’s Study distorting the ratio and the presumed level of assessment in the community.
(c) SR1-A # 6957744 Pinpoint Systems, Inc. to California Avenue Ventures, LLC, Block 32, Lot 4, 102 South California Avenue. The sale is a usable transaction and the sale price represents the fair market value.
The challenge to the calculation of the school aid ratio was settled by the filing of a stipulation of settlement. The stipulation, which ordered a recalculation of the school aid ratio, includes the following provision:
3. Attached hereto as Schedule “A” and made a part of this stipulation is a listing of the specific sale transactions, by SR-1A number, that the parties agree should be excluded or included from the sales ratio study utilized to determine the ratio appearing in the Table of Equalized valuations for the plaintiff.
The property at issue here is included in the calculation as a market sale. The Tax Court then entered a judgment based on “the evidence and argument presented.” This included the stipulated facts. Thus, the judgment was based in part on the City having agreed that the Pinpoint sale was a market sale.
In this action, the taxpayer opposed the City’s suit by moving for summary judgment, arguing that the terms of the City’s settlement with the Director constituted an admission, pursuant to N.J.R.E. 803(b)(3). In a reported decision, Joseph C. Small, P.J.T.C., held that the City was judicially estopped from asserting its legal position in the instant case and dismissed the City’s complaint. City of Atl. City v. California Ave. Ventures, LLC, 21 N.J.Tax 511 (Tax 2004).
On appeal, the City contends that, the “Tax Court erred on both procedural and substantive grounds when it concluded that *66 the City was judicially estopped from taking a position in the instant appeal, which is different than an inference the Tax Court adduced from a prior, unrelated settlement.” Specifically, the City argues that “the Tax Court’s decision contravenes the judicial axiom that a party is not barred from taking a different position in subsequent litigation if the first action was concluded by settlement,” and that “judicial estoppel does not apply where the prior and subsequent litigation do not arise out of the same events.” We disagree.
As the judge noted, “settlements in the Tax Court are distinguishable from settlements in other courts.” Id. at 519. Rule 8:9-5 provides that a judgment in a property tax dispute may be entered upon the parties’ stipulation, but subject to the Tax Court’s scrutiny and approval. Ibid. The Tax Court need not enter a judgment based on a settlement if it is not satisfied that the proofs offered support the entry of a judgment. Ibid, (citing Rosenberg v. So. Orange Tp., 8 N.J.Tax 1, 6 (Tax), aff'd o.b., 8 N.J.Tax 7 (App.Div.1983)). For that reason, such judgments are treated as adjudications on the merits. City of Atl. City, supra, 21 N.J. Tax at 519. Thus, there is a principled basis for exempting Tax Court judgments following stipulations of settlement from the general rule allowing parties to take “inconsistent position[s] in successive litigation if the first action was concluded by a settlement.” Kimball Int'l, Inc. v. Northfield Metal Prods., 334 N.J.Super. 596, 607, 760 A.2d 794 (App.Div.2000), certif. denied, 167 N.J. 88, 769 A.2d 1051 (2001). (citation omitted). “[S]ettlements in the Tax Court are [instead] subject to the doctrine of judicial estoppel.” City of Atl. City, supra, 21 N.J.Tax at 520 (citing JC Trapper v. Jersey City, 19 N.J. Tax 421, 436 (Tax 2001) ajfd 20 N.J.Tax 239 (App.Div.2002)).
Moreover, we are mindful that the judicial estoppel doctrine applies only when the subsequent litigation arises out of the same events. Kress v. La Villa, 335 N.J.Super. 400, 412, 762 A.2d 682 (App.Div.2000), certif denied, 168 N.J. 289, 773 A.2d 1153 (2001). The City argues that its position in the school ratio case and here arise from different events. We disagree. Although the *67 objectives and nature of the litigations were different, the position taken by the City in the school ratio case was that the Pinpoint sale of the subject property represented true market value. The City is judicially estopped from arguing against that position in this case.
We also reject the City’s contentions that “the Tax Court’s decision contained erroneous conclusions of fact, which lead to an incorrect conclusion of law.” Specifically, the City contends: (a) that “the Tax Court misconstrued material facts regarding the text of the City’s stipulation of settlement with the Director in the prior, unrelated litigation;” and (b) that “the Tax Court erred when it concluded that the City could not assert on appeal to the Tax Court, that the subject property’s value exceeds the amount determined by the Atlantic County Board of Taxation to be the subject property’s true value.” The issue is not in determining which evidence the trial court should consider. The issue is whether the City is estopped from presenting any evidence to contradict its earlier position that the Pinpoint sale was a market sale reflecting value. We have already concluded that the doctrine of judicial estoppel precludes this action by the City. For the same reason, we also reject the City’s contention that the Tax Court’s decision ignored its “own longstanding axiom that a subject property’s sale price is not the exclusive criteria for determining true value.”
Finally, the City contends that the trial court erroneously cited to a First Circuit decision[1] in support of its conclusion, which is inconsistent with the jurisprudence of the Third Circuit. The City argues that the trial court should have followed the three-part test for applying the doctrine of judicial estoppel set forth in Montrose Med. Group Participating Sav. Plan v. Bulger, 243 F.3d 773, 777-78 (3d Cir.2001).[2]
The First Circuit set forth the test as follows:
*68 First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive. Second, the responsible party must have succeeded in persuading a court to accept its prior position.
[Alternative Sys. Concepts, Inc., supra, 374 F.3d at 33 (citations omitted).]
The Third Circuit set forth the test as follows:
Judicial estoppel may be imposed only if:
(1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the court’s authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court’s authority or integrity.
[Montrose, supra, 243 F.3d at 777-78.]
The significant difference between the two tests is that the Third Circuit requires a showing of “bad faith” although the First Circuit does not.
However, we find no error in the trial court citing to the First Circuit case as persuasive authority. New Jersey courts need not adopt or follow the jurisprudence of federal courts regarding the doctrine of judicial estoppel. “Since the purpose of the doctrine of judicial estoppel is to protect the integrity of the tribunal before which a party seeks to contest facts which he has previously [and successfully] admitted ..., it is that tribunal which should determine whether or not to invoke this doctrine.” New Jersey v. Gonzalez, 273 N.J. Super. 239, 260, 641 A.2d 1060 (App. Div.1994), aff'd, 142 N.J. 618, 667 A.2d 684 (1995). Thus, the forum court applies its own law regarding the applicability of judicial estoppel. See Allen v. Zurich Ins. Co., 667 F.2d 1162, 1168 n. 4 (4th Cir.1982) (indicating “that [even in a diversity case] ... federal law controls the application of judicial estoppel, since it relates to protection of the integrity of the federal judicial process.”)
Upon review of the two standards, the First Circuit more appropriately mirrors the standard established by New Jersey courts. In short, case law in the Third Circuit includes a court’s required finding of “bad faith,” which is not a requirement in New *69 Jersey. See Kimball, supra,, 334 N.J.Super. at 608, n. 4, 760 A.2d 794 (noting the criticism of the doctrine and the decision of some courts, though not New Jersey, to require “intentional wrongdoing”); see also Bray v. Cape May City Zoning Bd. of Adjustment, 378 N.J.Super. 160, 166-67, 875 A.2d 254 (App.Div.2005) (setting forth a standard identical to the First Circuit test).
We affirm substantially for the reasons expressed by Judge Small in his written opinion reported at 21 N.J.Tax 511 (2004).
Affirmed.

 Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23 (1st Cir.2004).

 It should be noted that Atlantic City mistakenly points to Montrose, supra, 243 F.3d 773, as a case decided pursuant to New Jersey law. In fact, Montrose *68 involved a federal ERISA complaint that actually arose in the Middle District of Pennsylvania, not New Jersey. Ibid.