**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1648-22

UNITED PENTECOSTAL
CHURCH OF CAMDEN, INC.,

    Plaintiff-Appellant,

v.

CITY OF CAMDEN,

    Defendant-Respondent.

_____

Argued December 6, 2023 - Decided March 28, 2024

Before Judges Currier, Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1727-22.

Lawrence Alan Katz argued the cause for appellant (Lento Law Group, attorneys; Lawrence Alan Katz, on the briefs).

Aaron Emmanuel Washington-Childs, Assistant City Attorney, argued the cause for respondent (Office of the Camden City Attorney, attorneys; Eddie Samuel Freeman III, Assistant City Attorney, on the brief).

PER CURIAM

In this case, arising out of the assessment and payment of a property tax, plaintiff appeals from the January 20, 2023 order granting defendant summary judgment and dismissing its complaint. Because plaintiff challenges the propriety of the assessment, the matter should have been filed as a tax appeal before the county board of taxation or the Tax Court. The Superior Court did not have jurisdiction over the subject matter. We affirm.

I.

A.

Plaintiff was incorporated as a tax-exempt non-profit Pentecostal Church on November 17, 1980. Its registered business address was 1142-1148 Broadway Street in Camden (the property). Christopher[1] Cordero served as the Reverend of the church and was the sole owner of the corporation. When Cordero died intestate in 2016, his estate passed to his three children: Michelle, Robin, and Christopher.[2] Michelle and Robin were named as co-administrators of the estate.[3]

---

[1] He is referred to as Cristobal in the complaint.

[2] Because individuals share a surname, we use first names for Reverend Cordero's children.

[3] Christopher never responded to communications regarding the estate.

A-1648-22

There was no procedure established in plaintiff's corporate bylaws regarding the transfer of ownership of the church or the property following Cordero's death. As a result, a dispute arose between Michelle and Robin, and plaintiff's new pastor and certain parishioners regarding plaintiff's ownership.

In August 2018, Michelle and Robin filed an annual report for plaintiff naming Michelle as the President, Robin as the Vice President, and Autumn Caraballo as the Secretary of the corporation. On October 25, 2018, Michelle and Robin filed a deed with the Camden County Clerk transferring ownership of the property from plaintiff to themselves as individuals.

In 2019, plaintiff filed a complaint in the Chancery Division against Michelle and Robin, alleging they had fraudulently named themselves as directors and officers of plaintiff and transferred ownership of the property to their own names.

In their answer, Michelle and Robin contended they owned the property because it passed to them as heirs of the estate. Therefore, they legally transferred the property to their individual names. In addition, they named themselves as officers in the 2018 annual report because they noted members of the church had wrongfully listed themselves as officers and directors in a 2016 annual report. Michelle and Robin asserted those individuals "wrongfully took

3 <span>A-1648-22</span>

over the operation of the [c]hurch . . . and used [c]hurch monies inappropriately."

After the parties both moved for summary judgment, they came to a settlement of the issues and entered into a consent order in June 2021. Under the order, the members of the church "relinquish[ed] all rights and powers" of plaintiff to Michelle, Robin, and Autumn. The church members who were listed as officers agreed to resign their positions. Michelle, Robin, and Autumn were declared to be plaintiff's officers, directors, and trustees, and to be personally liable for all outstanding debts and monetary claims asserted against plaintiff.

On October 7, 2021, the Chancery Division judge denied the parties' motions for summary judgment. The order also declared the transfer of the property in the October 26, 2018 Deed was void ab initio because Michelle and Robin did not have the legal authority to transfer the property from plaintiff to their individual names. The order stated the transfer of the property was void "as if the transfer from [plaintiff] to [Michelle and Robin] had never taken place."

B.

This order is the basis for the issue now before this court. As a non-profit organization operating as a church, plaintiff was exempt from the assessment

4

and payment of property taxes.  N.J.S.A. 54:4-3.6.  After Michelle and Robin transferred the property to their own names in 2018, plaintiff lost its tax-exempt status, and defendant, City of Camden, through its tax collector, imposed property taxes against the property.  Michelle and Robin paid the taxes.

Following the October 7, 2021 order, plaintiff requested defendant refund the tax payments, contending the transfer of the property was declared void ab initio and, therefore, plaintiff should have retained its tax exempt status and not been assessed property tax.  Defendant denied the refund request.

Thereafter, plaintiff filed a complaint in the Law Division alleging claims of unjust enrichment, quantum meruit, and disgorgement.  Defendant moved for summary judgment, asserting the Superior Court lacked jurisdiction over the complaint, as the claims were only cognizable before the county board of taxation and any appeal from the board was to the Tax Court.  Defendant also said the statute of limitations under N.J.S.A. 54:3-21(a)(1) to file a complaint regarding a tax assessment had expired.

In opposing the motion, plaintiff argued its complaint was instituted to enforce the Chancery Division's order and to restore the parties to their former positions as if the transfer of property had never occurred.  Therefore, plaintiff asserted the complaint was properly venued in the Superior Court.

A-1648-22

In an oral decision issued January 20, 2023, the court granted defendant summary judgment. The court found the county board of taxation and the Tax Court had "exclusive jurisdiction over the issues raised in this matter." The court further determined plaintiff had not complied with the forty-five-day deadline to file an appeal from a tax assessment pursuant to N.J.S.A. 54:3-21(a)(1). In addition, the court concluded plaintiff did not have standing to bring the action because defendant did not assess any taxes against plaintiff, and the tax payments were made by Michelle and Robin individually. The court memorialized its ruling in a written order the same date.

II.

On appeal, plaintiff contends the court erred in granting defendant summary judgment because the Chancery Division's order declared the 2018 transfer of the property never occurred and, therefore, the property was always tax exempt. Because the taxes were mistakenly paid, plaintiff asserts defendant must refund the monies.

Our review of the trial court's grant or denial "of a motion for summary judgment [is] de novo, applying the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the

non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013). We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

We begin by considering whether plaintiff has standing to bring the complaint because it did not pay the property taxes at issue. Under N.J.S.A. 54:3-21(a)(1), an aggrieved taxpayer may appeal its property tax assessment or exempt status to the county board of taxation or directly to the tax court, if the property assessment exceeds $1,000,000.

An individual has standing as an aggrieved taxpayer if they are "[t]he sole owner of a property in fee simple who pays the entirety of the property taxes" or they are "[a] taxpayer who claims an exemption from an assessment." Prime Acct. Dep't v. Twp. of Carney's Point, 212 N.J. 493, 506 (2013); Cnty. of Bergen v. Borough of Paramus, 79 N.J. 302, 305 (1979).

An individual that is not the fee simple owner may also have standing if they "hav[e] an interest in the real property that is the subject of [the] [tax] assessment." N.J. Transit Corp. v. Borough of Somerville, 139 N.J. 582, 588 (1995); see also Vill. Supermarkets, Inc. v. Twp. of W. Orange, 106 N.J. 628, 633-35 (1987) (finding that a commercial tenant can have standing to challenge a tax assessment against their building even though the landlord owned it); Slater v. Holmdel Twp., 20 N.J. Tax 8, 13-15 (Tax 2002) (ruling that a spouse that resided in the marital residence, but did not own it, had standing); Chem. Bank N.J., N.A. v. City of Absecon, 13 N.J. Tax 1, 8-11 (Tax 1992) (ruling that a bank had standing to challenge the tax assessment on the property for which it held the mortgage). Since plaintiff seeks an exemption from the assessment and has an interest in the property, we are satisfied it is an aggrieved taxpayer and has standing to pursue this action.

We turn then to plaintiff's assertion that the Chancery Division order voided Michelle and Robin's transfer of the property. That is true. But plaintiff seeks a further reading of the order that lies outside the jurisdiction of the Superior Court. Plaintiff contends since the transfer of the property did not take place, the property retained its tax-exempt status and defendant mistakenly assessed the property after the transfer. We are not persuaded by this contention.

Plaintiff relies on N.J.S.A. 54:4-54, which permits a taxpayer, who has mistakenly paid the tax on a property owned by another, to obtain a refund. The statute was discussed by the Law Division in Mc Shain v. Township of Evesham, 163 N.J. Super. 522 (Law Div. 1978). There, the plaintiffs were assessed and paid taxes on two lots which they did not own. Id. at 524-25. The plaintiffs were not aware they were paying taxes for lots they did not own. Id. at 525. In finding the plaintiffs were entitled to a refund under N.J.S.A. 54:4-54, the Law Division stated: "Although the municipality in the present instance was entitled to the taxes paid, albeit not from plaintiffs, the principle that the municipality should bear the burden of unilateral clerical errors should still guide the construction of the statute." Id. at 527.

The Tax Court further clarified N.J.S.A. 54:4-54 in JC Trapper, LLC v. City of Jersey City, 19 N.J. Tax 421 (Tax 2001), aff'd, 20 N.J. Tax 239 (App. Div. 2002). There, the Tax Court determined the statute only permitted a refund of a tax paid by mistake if the mistake was of fact, not of law. Id. at 431. The court stated:

> Consequently, relief is available under the Taxpayer Mistake Provisions of N.J.S.A. 54:4-54 only when taxes are paid by a taxpayer who, at the time of payment, reasonably believes they are due because: (1) the taxpayer is unaware that an assessment on property of another is included in the assessment on the

9

taxpayer's property (as occurred in <u>Mc Shain</u>); or (2) the taxpayer lacks knowledge of facts providing a plausible basis for disputing the taxpayer's ownership of the property subject to tax.

[<u>Ibid.</u> (citations reformatted).]

The matter at hand is easily distinguishable from <u>Mc Shain</u>. The municipality did not make a factual mistake in its assessment. Nor did Michelle and Robin mistakenly pay the tax assessment. Michelle and Robin intentionally transferred the property into their names, recording the deed with the county clerk. There was no mistake of fact such as paying the tax on property one does not own. And they had no basis to dispute their ownership of the property as they had initiated the transfer of ownership.

The Chancery Division's order voiding the property transfer was a legal determination. It did not create a mistake of fact regarding the payment of property taxes. In <u>JC Trapper</u>, the Tax Court noted "the general common[]law rule that where a party, without mistake of fact, fraud, duress, or extortion, voluntarily pays money on a demand that is not enforceable against him, he may not recover it." 19 N.J. Tax at 430-31 (quoting <u>Cont'l Trailways, Inc. v. Dir., Div. of Motor Vehicles</u>, 102 N.J. 526, 548 (1986)). For instance, our Supreme Court has found a taxpayer is not entitled to a refund where taxes were paid

pursuant to a statute later declared unconstitutional. Cont'l Trailways, 102 N.J. at 548.

We also disagree with plaintiff's assertion that the Chancery Division order erases defendant's reassessment of plaintiff's tax exemption status. The Chancery Division order only voided the property transfer. No one raised the issue of property taxes, the chancery judge did not address the subject, and indeed, did not have the authority to do so. We decline to extrapolate the order's limited language on a specific issue to any other issue that might arise out of the dispute regarding the ownership of the property after Cordero's death. N.J.S.A. 54:4-54 is not applicable to these circumstances and does not provide plaintiff any recourse.

We are also satisfied the trial court properly granted defendant summary judgment on the grounds it lacked jurisdiction over the issues in the complaint. As we have stated, "[t]he Legislature created well-defined avenues for review of assessments on real property. A property owner may appeal an annual assessment alleged to exceed the true market value of the property to either the pertinent county board of taxation or to the Tax Court." Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 207 (App. Div. 2023); see N.J.S.A. 54:3-

11

21(a)(1). A party dissatisfied with the decision of the county board of taxation may seek review in the Tax Court. N.J.S.A. 54:3-26b.

Once Michelle and Robin transferred the property into their individual names, the municipality determined the property lost its tax-exempt status. If Michelle and Robin or plaintiff believed the exemption status was erroneous, the recourse was to file a tax appeal with the county board of taxation to challenge the assessment and the exemption.

Plaintiff also has not timely filed an appeal from the tax assessment or exempt status determination. As stated, N.J.S.A. 54:3-21(a)(1) requires an aggrieved taxpayer to appeal to the county board of taxation or the Tax Court "on or before April 1, or [forty-five] days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later."[4]

In its complaint, plaintiff seeks a refund for taxes paid from October 2018-October 2021. However, the complaint was not filed until July 2022. Our Supreme Court has warned that because "[t]he timeliness of a tax appeal is

---

[4] Identical bills were introduced in the Senate and Assembly on January 9, 2024 and referred to committees. They propose to "amend[] and repeal[] various parts of the statutory law," including amending "April 1" to "January 15." S. 1747/A. 3006 (2024).

critical," the deadlines in N.J.S.A. 54:3-21 are strictly construed. Prime Acct. Dep't, 212 N.J. at 507. Filing a late "appeal is a fatal jurisdictional defect" which can result in dismissal. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 425 (1985) (citing Clairol, Inc. v. Kingsley, 109 N.J. Super. 22 (App. Div.), aff'd, 57 N.J. 199 (1970), appeal dismissed, 402 U.S. 902 (1971)), superseded by statute on other grounds, L. 1987, c. 185, § 1 (codified as amended at N.J.S.A. 54:3-21). Summary judgment was also properly granted on the grounds of the expiration of the statutory limitations period.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION